## SUBSTITUTION OF ADMINISTRATOR AS A PARTY PLAINTIFF.

Common Pleas Court of Hamilton County.

SARAH ·MORRIS AND JENNIE BROSE V. F. A. SCHMIDT.

Decided, April, 1909.

*Revivor—By Substitution of the Administrator of a Party Plaintiff, where the Action is Joint—Sections 5149 to 5161.*

It is within the sound discretion of the court to permit the substitution of an administrator as a party plaintiff, without notice or the issuing of summons or the entering of a conditional order of revivor.

*Closs & Luebbert,* for the motion.
*Cormany & Cormany,* contra.

GORMAN, J.

Heard on motion to strike entry making Richard Morris, administrator, party plaintiff from files.

The petition filed herein is on behalf of two plaintiffs claiming a money judgment against defendant; and the averments of the petition disclose that the action is joint, not joint and several.

After the action was begun and the defendant had answered, one of the plaintiffs, Sarah Morris, died. Within one year from her death Richard Morris was appointed administrator of her estate, and made application to this court to· be substituted as a party plaintiff in this action in place of Sarah Morris, deceased, suggesting the death of said Sarah Morris and his appointment as her administrator. This court made an entry granting said application, or motion, on June 19, 1908, and made said Richard Morris, administrator of Sarah Morris, a party plaintiff. This is the entry which the defendant now asks to be stricken from the files (it should be a motion to set aside the entry), on the ground that no summons in revivor has been issued or served on defendant within one year from the death of said Sarah Morris, as provided in Section 5158, Revised Statutes.

This action is one that does not abate by the death of the parties. Section 5144, Revised Statutes.

The proceeding to bring in the administrator of one of the deceased plaintiffs as a substitute for the deceased party, is authorized by Section 5012, Revised Statutes; and this may be done in the exercise of a sound discretion by the court, regardless of the provisions of Section 5146 to Section 5161, Revised Statutes, inclusive. *These sections are not exclusive.* See *Carter* v. *Jennings,* 24 O. S., 182; *Black* v. *Hill et al,* 29 O. S., 86.

The mode of revivor is pointed out in Section 5149, Revised Statutes, and may be effected *"by allowance by the court* or a judge thereof in vacation of *a motion of the representative* or successor in interest *to become a party to the action;* or by supplemental pleading,"* etc., but the limitations contained in the subsequent sections of the chapter do not apply to this section. In the case at bar the revivor was effected in the manner provided by the first part of Section 5149, and in accordance with the power lodged in the court by Section 5012, Revised Statutes.

The limitations of Sections 5150 to 5161, Revised Statutes, not applying to this method of procedure in revivor, no summons is necessary, nor is any notice necessary; nor is it necessary to have a conditional order of revivor as provided in Sections 5150 to 5160, Revised Statutes.

The motion is therefore overruled.